NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| YA GLOBAL INVESTMENTS, L.P. and THE ESTATE OF GLOBAL OUTREACH, S.A., by its SPECIAL REPRESENTATIVE BODY, | : : : : : | **Hon. Dennis M. Cavanaugh** |
| | : | **OPINION** |
| Plaintiffs, | : : | Civil Action No. 12-0219 (DMC)(MF) |
| v. | : : | |
| MANDLEBAUM, SALSBURG, GOLD, LAZRIS & DICENZA, P.C., et al., | : : : | |
| Defendants. | : : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Motion of Plaintiffs YA Global Investments,

L.P. ("YA") and The Estate of Global Outreach, S.A., by its Special Representative Body (the

"Estate") (collectively "Plaintiffs") to Remand the case to the Superior Court of New Jersey,

Hudson County.  Pursuant to Fed. R. Civ. P. 78 no oral argument was heard. After carefully

considering the submissions of the parties, and based upon the following, it is the finding of this

Court that Plaintiffs' Motion to Remand is **denied**.

**I. BACKGROUND**[1]

This matter was originally filed in New Jersey State Court on or about November 2, 2011.

Plaintiffs asserted a number of claims against Global Outreach, S.A.'s pre-bankruptcy

---

[1] The facts set forth in this Opinion are taken from the parties respective submissions.

1

professionals concerning their alleged involvement in a $41 million loan transaction between YA Global Investments, L.P. and Global Outreach in connection with Global Outreach's development and construction of the Azulera Resort Village Project in Costa Rica. On December 23, 2011, Defendant Wiss & Company, LLP ("Wiss") filed a Notice of Removal and removed the entire case directly to the Bankruptcy Court. That removed case was assigned Adversary Proceeding No. 11-02698 (DHS). Similarly, on December 28, 2011, Defendants Mandelbaum, Salsburg, Lazris & Discenza, P.C. ("Mandelbaum Salsburg"), Barry R. Mandelbaum ("B. Mandelbaum") and Micahel A. Saffer ("M. Saffer") (collectively "Mandelbaum Defendants") filed a Notice of Removal, removing the entire case directly to the Bankruptcy Court. That removed case (although identical to the case removed by Wiss), was assigned Adversary Proceeding No. 11-02707 (DHS).

On January 23, 2012, Plaintiffs filed a motion for remand in the Bankruptcy Court. That motion was adjourned several times but was not decided by the Bankruptcy Court.

By Order dated April 3, 2012 (ECF No. 8), this Court withdrew the reference in the Wiss Adversary Proceeding. That matter was assigned Case No. 12-cv-00219. By Order dated May, 10, 2012, this Court withdrew the references in the Mandelbaum Defendants' Adversary Proceeding and consolidated that matter with Case No. 12-cv-00219 (ECF No. 11).

By Order dated May 24, 2012, this Court withdrew the reference in an Avoidance Action filed in the Bankruptcy Court (Adversary Proceeding 11-01434 (DHS)) and consolidated the Avoidance Action with Case No. 12-cv-00219. (ECF No. 37 in Adversary Proceeding 11-01434 (DHS)).

Plaintiffs filed the instant Motion to Remand and an accompanying Moving Brief ("Pl.

Mov. Br.") on June 8, 2012. (ECF No. 6). Defendant Wiss filed its Opposition Brief ("Wiss Opp. Br.") on July, 2, 2012. (ECF No. 23). The Mandelbaum Defendants also filed an Opposition Brief ("Mandelbaum Opp. Br.") on July 2, 2012. (ECF No. 25).[2] Plaintiffs filed a Reply ("Pl. Rep. Br.") addressing both Opposition Briefs on July 9, 2012. (ECF No. 26). The matter is now before this Court.

## II. DISCUSSION

### A.    Initial Removal

Plaintiffs incorrectly asserted in their moving brief that remand is warranted here based upon a lack of unanimous consent to removal among all of the Defendants in this case. Plaintiff points outs that only four of the fifteen named Defendants consented to removal of this case to federal court. (Pl. Mov. Br. 24). Plaintiffs argued that the proper statute governing removal in this case is 28 U.S.C. § 1446, which requires, at the very least, some form of unambiguous written evidence of consent to be filed with the Court. (Pl. Mov. Br. 24, 25) (citations omitted).

Conversely, Wiss argues that unanimous consent of the Defendants is not required for removal here, as this case is governed by 28 U.S.C. § 1452, not 28 U.S.C. § 1446. Wiss points out that Plaintiffs have incorrectly relied on the general removal statutes, 28 U.S.C. §§ 1441 and 1446 as opposed to the bankruptcy removal statute, 28 U.S.C. § 1452 under which Wiss removed the State Court Action. (Wiss Opp. Br. 9). Indeed, the language of § 1452 permits the removal of a bankruptcy related claim by "A party." A number of district courts across the country have

_____

[2] By letter dated July 2, 2012, Defendant Vincent Commisa joined both Opposition Briefs. (ECF No. 21). Also, by letter dated July 13, 2012, Defendants Frank Cerreta, Cerreta-Keenan & Co., Inc. And Cerreta-Keenan & Co., P.C. (collectively "Cerreta Defendants") joined both Opposition Briefs. (ECF No. 27).

3

agreed with Defendants that unanimous consent is not necessary for removal (See, Anstine & Musgrove, Inc. v. Calcasieu Refining Co., 436 B.R. 136, 140 (D. Kan. 2010); California Pub. Employees Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 103; Lothian Cassidy LLC v. Ransom, 428 B.R. 555, 558 (E.D.N.Y. 2010). More recently in this District, the Honorable Renee Bumb addressed whether or not unanimous consent of all defendants is required when a case is removed under 28 U.S.C. § 1452. Combs v. Kwasnik, 2012 U.S. Dist. LEXIS 89637 (D.N.J. 2012). In Combs, Judge Bumb held that 28 U.S.C. § 1452 permits non-unanimous removal. 2012 U.S.Dist.. LEXIS 89637, *6-7. Plaintiffs acknowledge the Combs case in their Reply Brief, but simply write that they respectfully disagree with Judge Bumb's conclusion that unanimity is not required. (Pl. Rep. Br. 3).

Thus, in light of the case law in a number of district courts across the country, and in light of the recently decided Combs case in this District, which this Court agrees with, this Court finds that removal of the State Court Action was proper.

**B.      Subject Matter Jurisdiction**

The Court also disagrees with the Plaintiffs' argument that the Court lacks Subject Matter Jurisdiction. Plaintiffs' argue in their Moving Brief that the proper test for "related to" subject matter jurisdiction under 28 U.S.C. § 1334 is the close nexus test espoused in In re Resorts International, Inc., 372 F.3d 154 (3d Cir. 2004). In Resorts, the Third Circuit found that "related to" subject matter jurisdiction did not exist in a professional malpractice cause of action initiated as an adversary proceeding by the litigation trustee against the accountant to the litigation trust post-confirmation, as the proceeding lacked a "close nexus to the bankruptcy plan or proceeding and affects only matters collateral to the bankruptcy process." 372 F.2d at 169. A key difference

4

between <u>Resorts</u> and the present matter that Plaintiffs overlooked is the timing of the State Court

Action.  The State Court Action here, unlike that in <u>Resorts</u>, was initiated prior to the

confirmation of the Plan in the Bankruptcy Proceeding, not post-confirmation.

Both Wiss and the Mandelbaum Defendants properly argue that the scope of the Court's

"related to" jurisdiction here is governed by the conceivability test, not the close nexus test.

(Wiss Opp. Br. 12). The State Court Action was initiated prior to Plan confirmation and involves

alleged claims originating prior to Global Outreach even filing for Chapter 11 bankruptcy. As

explained in <u>Nuveen Municipal Trust v. Withumsmith+Brown, P.C.</u>,:

> It is well established in the Third Circuit that, prior to the confirmation of a bankruptcy
> plan, related-to jurisdiction under 28 U.S.C. § 1334(b) extends to cases where "the
> outcome of that proceeding could conceivably have any effect on the estate being
> administered in bankruptcy. . . .
> Consistent with most jurisdictional questions, this Court assesses conceivability at the
> time of filing. <u>In re SemCrude, L.P.</u>, 428 B.R. 82, 96-98 (Bankr. D. Del. 2010); <u>see also</u>,
> <u>In re Enron Corp. Sec.</u>, 535 F.3d 325, 336 (5th Cir. 2008) (finding that bankruptcy plan
> confirmation does not divest a District Court of jurisdiction over pre-confirmation claims
> based on pre-confirmation activities that properly had been removed pursuant to related
> to jurisdiction) <u>cf</u>. <u>Grupo Dataflux v. Atlas Global Group, L.P.</u>, 541 U.S. 567, 570 (2004)
> ("It has long been the case that the jurisdiction of the court depends upon the state of
> things at the time of the action brought.") (citation and internal quotation marks omitted).

2010 U.S. Dist. LEXIS 125317, *708 (D.N.J. 2010).

Here, the State Court Action is sufficiently related to the Bankruptcy Proceeding because,

at the time the State Court Action was commenced, it was conceivable that the outcome of this

proceeding would affect the administration of the bankruptcy estate and whether monies are

available for distribution to Global Outreach's creditors. Accordingly, based on the application of

the conceivability test, the Court finds that it has "related to" subject matter jurisdiction under 28

U.S.C. § 1334.

C.      **Mandatory and Permissive Abstention**

Although the Court has found that it has "related to" subject matter jurisdiction in this matter, Plaintiffs' assert that the Court should mandatorily abstain from exercising its jurisdiction. In the alternative, Plaintiffs assert that remand is appropriate in this case based upon permissive abstention.

Mandatory abstention is required under 28 U.S.C. § 1334 (c)(2) when: (1) a timely motion for abstention is made; (2) the proceeding is based upon state law; (3) the proceeding is "related to" a Title 11 case; (4) but not "arising under title 11 or arising in a case under title 11;" (5) the action could not have been commenced in federal court absent bankruptcy jurisdiction; and (6) an action is already commenced and timely adjudication is possible in state court. Balcor/Morristown Ltd. Partnership v. Vector Whippany Assocs., 181 B.R. 781, 788 (D.N.J. 1995). Permissive abstention involves a similar list of factors to be considered, but they need not be enumerated, as remand is improper under both forms of abstention for the same reason.

Scrutinizing the State Court Action under those six factors is not necessary because, here, as both Wiss and the Mandelbaum Defendants argue, remand is prohibited by the Plan of Reorganization of Global Outreach, S.A.. (Wiss Opp. Br. 15-16; Mandelbaum Opp. Br. 8, 26, 28). Thus neither form of abstention is applicable. Specifically, Wiss's argument relies on the language of Article VIII of the Plan of Reorganization. Article VIII of the Plan, entitled "Retention of Jurisdiction," provides that "the Bankruptcy Court shall have exclusive jurisdiction of all matters, arising out of, and related to, the Chapter 11 Case and the Plan . . . for, among other things, . . . (b) To hear and determine any and all adversary proceeding, applications, motion and contested or litigated matters arising out of, under or relate to, the Chapter 11 case."

(Wiss Opp. Br. 15-16). Despite Plaintiffs arguments to the contrary, this plain language should end the debate. The jurisdiction that the Plan confers on the Bankruptcy Court extends to this Court, as this Court has already articulated in Subsection B (*supra*) that it has "related to" subject matter jurisdiction over the State Law Actions in this case.

Plaintiffs argue that the State Law Actions here are encompassed within the definition of the term "Special Cause of Action," which is a defined term in the Plan of Reorganization. (See, ECF No. 16,  Harris Affidavit, Ex. G at §1.104). This argument is an unpersuasive attempt to circumvent the clear language of Article VIII of the Plan. According to Plaintiffs, the omission of "Special Cause of Action" from the list in Article VIII stands as clear evidence that the "Special Cause of Action" is not subject to Article VIII. (Pl. Rep. Br. 5-6). Even if the Court were to accept this line of reasoning as true, Article VIII does not purport to be a comprehensive and exhaustive list of the situations where jurisdiction is conferred on the Bankruptcy Court. The first portion of Article VIII states: "The Bankruptcy Court shall have exclusive jurisdiction of all matters arising out of, and related to, the Chapter 11 and the Plan pursuant to, and for the purposes of, sections 105(a) and 1142 of the Bankruptcy Code and for, *among other things*, the following purposes:" Harris Affidavit, Ex. G, 54) (emphasis added). The presence of these words "among other things" indicates that the list that follows is not to be construed as exclusive. Thus, Plaintiffs cannot argue that because the "Special Cause of Action" was not specifically included in the list that followed, it is not subject to Article VIII. However, the Court need not look this deep into Plaintiffs argument, as the clear language of Article VIII grants this Court jurisdiction for matters State Court Action.

Additionally, allowing both the State Law Actions and the Avoidance Proceeding to

7

continue before this Court will provide for a more expedient resolution of all claims and will also

prevent any of the potential inconsistencies that may arise if these two actions are adjudicated in

separate court systems.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is **denied**. An appropriate Order

accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date:       January 25, 2013
Orig.:      Clerk
cc:         All Counsel of Record
            Hon. Mark Falk, U.S.M.J.
            File