NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **YA Global Investments, L.P.,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **Mandelbaum, Salsburg, Gold, Lazris & Discenza, P.C.,** *et al.*, <br><br> Defendants. | Civil Action Number: <br> 2:12-cv-219 (WJM) <br><br> OPINION |

Pending before the Court is Plaintiffs' motion to disqualify McCarter & English LLP ("McCarter") from representing Defendant Wiss & Co., LLP ("Wiss"). ECF No. 73. Wiss opposed Plaintiffs' motion. ECF No. 81. There was no oral argument. L. Civ. R. 78.1.

### I.   BACKGROUND

Plaintiff YA Global Investments, L.P. ("YA") provided Global Outreach S.A. ("Global Outreach") with substantial loans in connection with the development of a resort in Costa Rica. Global Outreach defaulted on the loans and, in March 2009, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On November 22, 2011, Plaintiffs YA and Global Outreach (collectively "Plaintiffs") filed a Complaint in the Superior Court of New Jersey, which was subsequently removed to this Court. The Complaint alleges that, but for the alleged acts, omissions and purported conflicts of interest of the named defendants, YA would never have consummated a $41 million loan transaction with Global Outreach.

Wiss & Co., LLP ("Wiss"), a named defendant in this action, provided notice, as well as a request for coverage under Wiss's professional liability policy, to Wiss's

1

insurer, Liberty Mutual, when it learned that Plaintiffs filed their Initial Complaint. Declaration of Paul Peterson ("Peterson Dec."), ECF No. 81-1, at ¶ 4. Wiss sought coverage on behalf of its current and former partners. Id. Liberty undertook a coverage analysis under the Policy and advised Wiss, among other things, that the Initial Complaint raised questions regarding coverage. Id. at ¶5. Thereafter, Liberty Mutual, through its outside counsel, Saul Ewing, LLP and later Ropes & Gray, LLP, formally reserved its rights to deny coverage to Wiss. Id. at ¶ 6. Wiss objected to Liberty Mutual's offer to appoint one of its panel firms to represent Wiss in this action, and Wiss informed Liberty Mutual that it would retain McCarter & English LLP as its independent counsel. Id. at ¶¶6-7.  Liberty Mutual agreed to fund a portion of McCarter's fees for Wiss's defense, while asserting a reservation of rights to disclaim coverage and to seek a declaratory judgment as to its obligations under the Policy. Id. at ¶8.

On December 3, 2013 Liberty Mutual filed a complaint against Wiss employees named Wiss, Killian, Pirrello, DeTrolio and LaMotta in the United States District Court for the Southern District of New York seeking a declaration that the claims-made-and-reported professional liability policy it issued to Wiss & Company, LLC does not provide coverage for claims asserted against it and certain of its current and former partners in the instant action. SDNY Complaint, attached as Ex. A to Declaration of Allen L. Harris ("Harris Dec."), ECF No. 73-2, ¶1. Essentially, Liberty Mutual alleges that Wiss submitted an application for professional liability under false pretenses. Id. In that action, McCarter represented Wiss, and Ropes & Gray represented Liberty Mutual. Perterson Dec, ECF No. 81-1, at ¶ 10.

## II. LEGAL STANDARD

When considering a motion to disqualify counsel, the movant bears the burden of proving that disqualification is appropriate because the Rules of Professional Conduct were violated. Maldonado v. New Jersey, 225 F.R.D. 120, 137 (D.N.J. 2004). Further, the movant's burden is a heavy one as "[m]otions to disqualify are viewed with 'disfavor' and disqualification is considered a 'drastic measure which courts should hesitate to impose except when absolutely necessary.'" Alexander v. Primerica Holdings, Inc., 822 F.Supp. 1099, 1114 (D.N.J. 1993) (quoting Schiessle v. Stephens, 717 F.2d 417, 420 (7th Cir. 1983) (internal quotation marks and citation omitted)). As a result, in determining whether to disqualify counsel, the Court must closely and carefully scrutinize the facts of each case to prevent unjust results. See Montgomery Acad. v. Kohn, 50 F.Supp.2d 344, 349 (D.N.J. 1999).

A motion to disqualify requires the Court "to balance competing interests, weighing the need to maintain the highest standards of the profession against a client's right to freely choose his counsel." City of Atlantic City v. Trupos, 201 N.J. 447, 462 (2010) (quoting Dewey v. R.J. Reynolds Tobacco Co., 109 N.J. 201, 218 (1988) (internal quotation marks omitted)). But a person's right to retain counsel does not extend to an attorney disqualified by an ethical requirement. Trupos, 201 N.J. at 462.

## III. DISCUSSION

Under Local Rule of Civil Procedure 103.1, the Rules of Professional Conduct of the American Bar Association as revised by the New Jersey Supreme Court (RPCs) govern the conduct of attorneys before the U.S. District Court for the District of New Jersey. L. Civ. R. 103.1(a); accord United States v. Balter, 91 F.3d 427, 435 (3d Cir. 1996). The Court generally looks to New Jersey state court for interpretation of the RPCs and modifies as necessary by federal law. Wyeth v. Abbott Labs., 692 F. Supp. 2d 453, 456 (D.N.J. 2010).

New Jersey Rule of Professional Conduct 1.7(a) states "a lawyer should not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if the representation of one client will be directly adverse to another client . . . ." Where, as here, disqualification is based on an averred conflict with an alleged concurrent client, the Court must, as a threshold issue, decide whether an attorney-client relationship ever existed between Liberty Mutual and McCarter. No attorney-client relationship exists between those two entities.

Plaintiffs assert that as a consequence of Liberty Mutual paying McCarter to provide a defense to its insured, Wiss, in this matter, "McCarter represents two clients—Liberty Mutual and Wiss" Pl. Br., ECF No. 70-1, at 13. Plaintiffs argue that, therefore, McCarter should be disqualified from representing Wiss in this action because a conflict of interest arose when Liberty Mutual brought the declaratory judgment action against Wiss. Id. at 15. Plaintiffs assert that they have standing to bring this motion and were in fact required to under RPC 8.3. Id. at 11.

Plaintiffs rely on Lieberman v. Employers Ins. Of Wausau, 84 N.J. 325 (1980) for the proposition that when an insurer pays an attorney to provide a defense to its insured the "attorney owes to both [the insurer and the insured] a duty of good faith and due diligence in the discharge of his duties." Plaintiffs cite several cases involving the conflict of interest that arises when counsel representing an insured is

paid for by the insurer: <u>Gray v. Commerical Union Insurance Company,</u> 191 N.J.Super. 590 (App. Div. 1983); <u>Longo v. American Policyholder's Insurance Company</u>, 181 N.J.Super. 87 (Law Div. 1981); and <u>Collick v. Weeks Marine, Inc.</u>, 2011 WL 1527380 (D.N.J. Apr. 20, 2011).  In each of these cases, however, the Court specifically notes that the lawyer at issue was retained by the insurance company.  The Court in <u>Collick</u> clearly recognized the distinction between an insurer's relationship with insurance defense counsel appointed by that insurer and independent counsel retained by the insured.  As a result of conflict of interest issues, "where coverage issues exist, the insured 'must have independent counsel' with respect to same." <u>Collick v. Weeks Marine, Inc.</u>, CIV.A. 08-5120 MLC, 2011 WL 1527380 (D.N.J. Apr. 20, 2011) (citing N.J. Supreme Court Advisory Committee on Professional Ethics, Op. 502, 110 N.J.L.J. 349, 1982 WL 117860, *3 (1982)).

      The arrangement at issue here is distinctly different from situations "wherein an attorney selected by the insurer was assigned to represent the insured in the defense of a covered claim. More is required to establish a lawyer-client relationship than, as appears here, merely that the insurer ultimately absorbs the cost of the insured's legal representation." <u>Historic Smithville Dev. Co. v. Chelsea Title & Guar. Co.</u>, 190 N.J. Super. 567, 572 (App. Div. 1983).  In the instant matter, Wiss refused Liberty Mutual's appointment of counsel, and Wiss specifically hired McCarter as independent counsel.  Liberty Mutual did not even pay McCarter directly for their services, but rather McCarter submitted invoices directly to Wiss.  Peterson Dec, ECF No. 81-1, ¶ 14.  Where, as here, the policyholder retains its own independent counsel, no conflict of interest exists because the independent counsel does not represent the carrier. <u>See</u> <u>Cay Divers Inc. v. Raven</u>, 812 F.2d 866, 870 (3d Cir. 1987) ("We . . . hold that when . . . an action against an insured is arguably within the scope of the insurance coverage, an insurer's discharge of its duty to defend by providing independent counsel, even though reserving the right to contest coverage, relieves it of control over the litigation."); <u>Cf.</u> <u>Illinois Masonic Medical Ctr. v. Turegum Ins. Co.</u>, 168 Ill. App. 3d 158, 163 (1 Dist. 1988) ("[W]here a conflict of interests exists the insured, rather than the insurer, is entitled to assume control of the defense of the underlying action; but by reason of its contractual obligation to furnish a defense, the insurer must underwrite the reasonable costs incurred by the insured in defending the action with counsel of his own choosing.").

      Plaintiffs have not met the high burden of proving that a conflict of interest exists in McCarter representing Wiss.  Liberty Mutual's mere agreement to pay some of McCarter's fees for representing Wiss did not create an attorney-client relationship between McCarter and Liberty Mutual.

4

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to disqualify McCarter & English is denied. An appropriate order follows.

/s/ William J. Martini

_____
**WILLIAM J. MARTINI, U.S.D.J.**

**DATE: June 17th, 2014**